MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------X
JOFFREY NAULA, *individually and on behalf of others similarly situated,*

                *Plaintiff*,

-against-

MADISON MARKET, LLC (D/B/A MADISON MARKET) and ROCCO LOSSA,

                *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Joffrey Naula ("Plaintiff Naula" or "Mr. Naula"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Madison Market, LLC (d/b/a Madison Market), ("Defendant Corporation") and Rocco Lossa, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Naula is a former employee of Defendants Madison Market, LLC (d/b/a Madison Market) and Rocco Lossa.

2. Defendants own, operate, or control an American gourmet grocery store, located at 17 Greenwood Ave Madison, NJ 07940 under the name "Madison Market".

3. Upon information and belief, individual Defendant Rocco Lossa, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the gourmet grocery store as a joint or unified enterprise.

4. Plaintiff Naula was employed as a line cook and a pizza maker at the gourmet grocery store located at 17 Greenwood Ave Madison, NJ 07940.

5. At all times relevant to this Complaint, Plaintiff Naula worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Naula appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Naula to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Naula and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Naula now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Naula seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Naula's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American gourmet grocery store located in this district. Further, Plaintiff Naula was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Joffrey Naula ("Plaintiff Naula" or "Mr. Naula") is an adult individual residing in Queens County, New York.

14. Plaintiff Naula was employed by Defendants at Madison Market from approximately February 9, 2020 until on or about March 31, 2020.

15. Plaintiff Naula consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled an American gourmet grocery store, located at 17 Greenwood Ave Madison, NJ 07940 under the name "Madison Market".

17. Upon information and belief, Madison Market, LLC (d/b/a Madison Market) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 17 Greenwood Ave Madison, NJ 07940.

18. Defendant Rocco Lossa is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rocco Lossa is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Rocco Lossa possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Naula, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

19. Defendants operate an American gourmet grocery store located in Morris County in New Jersey.

20. Individual Defendant, Rocco Lossa, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

21. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22. Each Defendant possessed substantial control over Plaintiff Naula's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Naula, and all similarly situated individuals, referred to herein.

23. Defendants jointly employed Plaintiff Naula (and all similarly situated employees) and are Plaintiff Naula's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*.

24. In the alternative, Defendants constitute a single employer of Plaintiff Naula and/or similarly situated individuals.

25. During 2020 Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

26. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the gourmet grocery store on a daily basis are goods produced outside of the State of New Jersey.

*Individual Plaintiff*

27. Plaintiff Naula is a former employee of Defendants who was employed as a line cook and a pizza maker.

28. Plaintiff Naula seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Joffrey Naula*

29. Plaintiff Naula was employed by Defendants from approximately February 9, 2020 until on or about March 31, 2020.

30. Defendants employed Plaintiff Naula as a line cook and a pizza maker.

31. Plaintiff Naula regularly handled goods in interstate commerce, such as produce and other supplies produced outside the State of New Jersey.

32. Plaintiff Naula's work duties required neither discretion nor independent judgment.

33. Throughout his employment with Defendants, Plaintiff Naula regularly worked in excess of 40 hours per week.

34. From approximately February 9, 2020 until on or about March 31, 2020, Plaintiff Naula worked from approximately 9:00 a.m. until on or about 10:00 p.m., Mondays through Thursdays and from approximately 9:00 a.m. until on or about 10:30 p.m. to 11:00 p.m., Fridays through Sundays (typically 92 to 93 hours per week).

35. From approximately February 9, 2020 until on or about March 31, 2020, Defendants did not pay Plaintiff Naula for any of his hours worked.

36. For approximately seven weeks, Defendants did not pay Plaintiff Naula any wages for his hours worked.

37. Defendants never granted Plaintiff Naula any breaks or meal periods of any kind.

38. Plaintiff Naula was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

*Defendants' General Employment Practices*

39. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Naula (and all similarly situated employees) to work in excess of 40 hours a

week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

40. Plaintiff Naula was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New Jersey Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

41. Defendants' pay practices resulted in Plaintiff Naula not receiving payment for any of his hours worked, and resulted in Plaintiff Naula's effective rate of pay falling below the required minimum wage rate.

42. Defendants habitually required Plaintiff Naula to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

43. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA by failing to maintain accurate and complete timesheets and payroll records.

44. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Naula (and similarly situated individuals) worked, and to avoid paying Plaintiff Naula properly for his full hours worked.

45. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

46. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Naula and other similarly situated former workers.

## FLSA COLLECTIVE ACTION CLAIMS

47. Plaintiff Naula brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

48. At all relevant times, Plaintiff Naula and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

49. The claims of Plaintiff Naula stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

50. Plaintiff Naula repeats and realleges all paragraphs above as though fully set forth herein.

51. At all times relevant to this action, Defendants were Plaintiff Naula's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Naula (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

52. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

53. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

54. Defendants failed to pay Plaintiff Naula (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

55. Defendants' failure to pay Plaintiff Naula (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

56. Plaintiff Naula (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

57. Plaintiff Naula repeats and realleges all paragraphs above as though fully set forth herein.

58. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Naula (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

59. Defendants' failure to pay Plaintiff Naula (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

60. Plaintiff Naula (and the FLSA Class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Naula respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

  (b)  Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Naula and the FLSA Class members;

  (c)  Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Naula and the FLSA Class members;

  (d)  Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Naula's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

  (e)  Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Naula and the FLSA Class members;

  (f)  Awarding Plaintiff Naula and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

  (g)  Awarding Plaintiff Naula and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

  (h)  Awarding Plaintiff Naula and the FLSA Class members pre-judgment and post-judgment interest as applicable;

  (i)  Awarding Plaintiff Naula and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(j) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Naula demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 5, 2020

                                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                                  By:       /s/ Michael Faillace
                                                Michael Faillace [MF-8436]
                                                60 East 42nd Street, Suite 4510
                                                New York, New York 10165
                                                Telephone: (212) 317-1200
                                                Facsimile: (212) 317-1620
                                                *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 3, 2020

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:　　　　　　　　　Joffrey Naula

Legal Representative / Abogado:　　Michael Faillace & Associates, P.C.

Signature / Firma:　　　　　　　　Joffrey Naula

Date / Fecha:　　　　　　　　　　3 de Abril 2020